IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| MARATHON EQUIPMENT COMPANY, | : |
| Plaintiff, | : |
| v. | : NO.: |
| THE UNITED STATES OF AMERICA, DEPARTMENT OF LABOR, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Marathon Equipment Company ("Marathon") by and through its attorneys, Lewis Brisbois Bisgaard & Smith, LLP, hereby bring this Civil Action Complaint against the United States Department of Labor, for judicial review of a "final agency action" pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701, et seq., and aver as follows:

### JURISDICTION AND VENUE

1. This is an action for judicial review of a final agency action of the United States of America, Department of Labor, pursuant to the Administrative Procedures Act, 5 U.S.C. §§701 et seq. to deny Plaintiff's request to permit the taking of testimony from an Occupational Safety and Health Administration compliance officer, Thomas L. Thorn, in a civil action for personal injuries currently pending in the Court of Common Pleas, First Judicial District of Pennsylvania, Philadelphia County.

163697225.1

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

   b. 5 U.S.C. §702, which gives a party "suffering a legal wrong because of an agency action or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4. Plaintiff, Marathon Equipment Company is a business organized under the laws of the State of Delaware with a principal place of business located in Chattanooga, Tennessee.

5. Defendant, United States Department of Labor (DOL), is a federal government agency responsible for overseeing the Occupational Health and Safety Administration ("OSHA"), whose mission it is to "assure America's workers have safe and healthful working conditions free from unlawful retaliation… by setting and enforcing standards; enforcing anti-retaliation provisions of the OSH Act and other federal whistleblower laws; [and] providing and supporting training, outreach, education, and assistance."

## GENERAL ALLEGATIONS

6. Plaintiff incorporates all prior paragraphs of this Complaint by reference as if fully set forth herein at length.

7. Ronald Boettcher instituted a personal injury action against Plaintiff Marathon and others by Complaint filed February 28, 2024 in the Philadelphia Court of Common Pleas, asserting

causes of action grounded in negligence and strict liability under the New Jersey Products Liability Act.

8. Following Preliminary Objections by Marathon, Boettcher filed an Amended Complaint against Defendants in that case on April 15, 2024.

9. Boettcher alleges in his Amended Complaint that on or about November 8, 2022, he was injured by a "defective Marathon Side-Eject Horizontal Baler and its component parts, which were sold, designed, marketed, manufactured, repaired, maintained, serviced, and/or assembled" by Defendants.

10. Boettcher alleges that the accident causing his injuries allegedly occurred at the premises located at 1014 Tanyard Road, Deptford, NJ 08096.

11. The subject machine is a Model No. SE-504842-830 horizontal baler designed and manufactured by Defendant, Marathon Equipment Company.

12. Marathon Equipment Company sold the subject baler to Defendant Eagle Equipment Company, which upon information and belief, sold the baler to Additional Defendant, Green Guys Recycling Solutions, LLC. A true and correct copy of the Quotation is attached as Exhibit A.

13. Green Guys Recycling Solutions, LLC operated a recycling facility that was the location of Plaintiff's accident, and the subject baler was at all times, upon information and belief, was under the exclusive possession, custody, control, management, and/or maintenance of Additional Defendant Green Guys Recycling Solutions, LLC.

14. Upon information and belief, Boettcher was employed by TLJ Recycling and Container Solutions, LLC, which operated at the 1014 Tanyard Road, Deptford, NJ 08096 address.

15. The gist of Boettcher's personal injury action is that the defendants in his personal injury claim are liable for negligence and strictly liable for the design and manufacture of the subject baler, and for the machine's lack of proper guarding and safety mechanisms which resulted in his leg being trapped in the baler and subsequently amputated.

16. Upon information and belief, shortly after the Boettcher accident OSHA Compliance Safety & Health Officer Thomas Thorn inspected the subject premises, inspected the subject baler, took photographs and interviewed Boettcher as part of OSHA's investigation of the accident.

17. Mr. Thorn obtained a statement from Mr. Boettcher, which is roughly summarized in an OSHA Safety Narrative authored by Mr. Thorn, attached hereto as Exhibit B. In that statement to Thorn, Boettcher admitted that he did not follow his training on the date in question.

18. Mr. Boettcher's testimony at his deposition, where he denied even speaking to anyone from OSHA, significantly and directly contradicts his statements to Mr. Thorn during the OSHA investigation as roughly summarized in the OSHA Safety Narrative.

19. Consequently, Plaintiff Marathon served a subpoena and Notice of Deposition upon Mr. Thorn, seeking to take his deposition for the very limited purpose of verifying the statements against interest made by Mr. Boettcher to Mr. Thorn during the OSHA investigation.

20. On July 24, Solicitor Jeffrey Rogoff of Defendant DOL responded with a letter notifying Plaintiff's counsel that current OSHA employees are prohibited from testifying in private litigation without the express permission of the Deputy Solicitor of Labor pursuant to 29 C.F.R. §§2.22-2.25, and that he declined to permit Mr. Thorn to testify in Mr. Boettcher's case without a written summary of the information sought from Mr. Thorn and its relevance to the proceeding in connection with which it was served, pursuant to United States ex rel. Touhy v. Ragen, 340 U.S.

462 (1951) (the "Touhy Letter").  A true and correct copy of DOL's Touhy Letter is attached hereto as Exhibit C.

21. Plaintiff Marathon responded to the Touhy Letter of Defendant DOL by providing a response with the written summary of information sought and its relevance:

> The purpose of Mr. Thorn's deposition is not to discuss OSHA's findings during the investigation, or whether Green Guys Recycling Solutions should have been cited for any violations.  **We simply would like Mr. Thorn to authenticate the records provided by OSHA, to confirm that he did in fact interview Plaintiff Boettcher as part of the OSHA investigation, and to testify that what is in the OSHA Safety Narrative is what Mr. Thorn was told by Boettcher.**  This information has direct relevance to our case, cannot be obtained through other means, and Mr. Thorn's deposition testimony may be presented at trial in the event he is unavailable to testify at trial as a witness.

See Marathon Response to Touhy Letter, attached hereto as Exhibit D (emphasis added).

22. DOL responded with its Final Determination on August 15, 2025, that pursuant to Touhy, DOL would not permit Mr. Thorn to testify at deposition, as "any evidentiary concerns can be easily addressed by authentication of the Safety Narrative and does not require OSHA staff to be diverted from mission-critical duties to authenticate records in third-party matters."  See DOL Determination Letter, Exhibit E.

23. On September 17, 2025, Plaintiff Marathon requested that DOL reconsider its Final Determination. Merely authenticating the OSHA report would not address potential hearsay concerns. Namely authentication would not establish that the OSHA report is a business record[1] or public record[2] for purposes of an exception to hearsay. Moreover, even if the OSHA report itself was established as a business record, there is a real possibility that Boettcher could seek preclusion of the OSHA report on the basis that its relevance is unclear and that any relevance would be

---

[1] See Pa. R.C.P. 803(6)

[2] See Pa. R.C.P. 803(8)

substantially outweighed by the prejudiced caused by its admission in the absence of cross examination.  See Marathon's request for Reconsideration, Exhibit F.

24. Plaintiff Marathon further asserted that the "burden" upon DOL and OSHA, if any, would be minimal to negligible, given the extremely limited scope of the requested deposition, which would take one to two hours at most and could be conducted at a time and place of Mr. Thorn's choosing, even outside of normal business hours.  See Exhibit F.

25. Plaintiff Marathon has received no response from DOL regarding its request for reconsideration and the deposition of Mr. Thorn.

26. Plaintiff Marathon now seeks appeal and review of Defendant DOL's determination and final agency action to deny permission to depose Mr. Thorn.

**COUNT I – JUDICIAL REVIEW OF FINAL AGENCY ACTION PURSUANT TO THE ADMINISTRATIVE PROCEDURES ACT, 5 U.S.C. §702**

27. Plaintiff incorporates all prior paragraphs of this Complaint by reference as if fully set forth herein at length.

28. Defendant DOL's denial of permission for the deposition of OSHA Safety and Compliance Officer Thomas Thorn acted as a "final agency action" for purposes of the Administrative Procedures Act, 5 U.S.C. §704.

29. Defendant DOL's action was arbitrary and capricious in not waiving the prohibition of Mr. Thorn's testimony in Mr. Boettcher's personal injury action given the very limited scope of the requested testimony.

30. Defendant DOL's evidentiary analysis is legally erroneous, and failed to properly weigh Plaintiff's need for the testimony, which cannot be obtained in any other manner, against the limited adverse effects on DOL and its concerns, and therefore reliance on same is arbitrary and capricious.

31. Further, DOL's determination is arbitrary and capricious because it fails to consider the paramount importance of the testimony to Marathon's defenses. Boettcher's deposition testimony about how the accident happened is dramatically different from his statement to Mr. Thorn during the OSHA investigation. In his deposition, Boettcher testified that he was standing on a ladder outside the baler when he somehow fell into the baler. In contrast, Boettcher is quoted as follows in the OSHA report:

> [Boettcher] stated that he was operating the bailer and it had jammed so he climbed into the hopper of the compactor to try and clear the jam when he slipped on the wet surface of the compactor ram and slid into the bailer area. When he slipped down, the ram activated due to the sensor beam being broken (activated) and moved towards him. He climbed out as fast as he could, but his leg was caught between the cardboard and the ram head…. [Boettcher] stated that his main job is operating the bailer and he has been doing it for 4 years. He was trained by the manufacturer when they received the machine. He also stated he is the only one that uses it. I asked [Boettcher] why he did not shut the machine down when clearing a jamb, and he stated there was no reason to. I then asked him if he was trained in lock out tag out and he said yes and described the procedure for the shutting down the machine and securing the power source. I asked if he seen all the warning sticker stating to stay clear of hopper, do not enter, confined space, etc., and he said that he did, and I asked why he did not follow the warning labels and he had no answer.

32. Summarily, arbitrarily and without taking into consideration the need for the deposition of Mr. Thorn as the only person present during a statement made by Mr. Boettcher and the unique nature of his conversation with Mr. Boettcher mere days after the accident, DOL denied Plaintiff's request to permit the deposition of Mr. Thorn on the very limited grounds requested.

33. Marathon has asserted a product misuse defense to Boettcher's claims. Boettcher's statements to Mr. Thorn have obvious relevance to this issue and can be elicited from no other source as Boettcher has denied that the statements in paragraph 31 were ever made. Moreover, there is no other way of getting this information into evidence given Boettcher's inconsistent

testimony and it raises issues pertaining to Mr. Boettcher's credibility. Thus, the deposition of Mr. Thorn is of paramount importance.

34. The testimony of Mr. Thorn remains essential to the presentation of Marathon's defense to Boettcher's claims, there are no reasonable alternative means for acquiring the information sought from Mr. Thorn, and significant injustice would result if Mr. Thorn was not permitted to testify at deposition in Mr. Boettcher's suit.

35. As a direct and proximate result of Defendant DOL's denial of Plaintiff's request for the limited deposition of Mr. Thorn, Plaintiff has and will suffer injustice, prejudice and impairment of its ability to prepare and present its defense properly in Mr. Boettcher's underlying personal injury action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Marathon Equipment Company requests that this Court enter judgment against Defendant and provide the following relief:

(a) Hold unlawful and set aside the Department of Labor's action, findings, and conclusions as arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(b) Entry of an Order compelling Mr. Thorn to appear for deposition and provide testimony; and

163697225.1

(c) Such other and additional relief as the Court deems appropriate in its discretion.

                Respectfully submitted,

                **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

                By: /s/ *Michael B. Pullano*

                    Peter P. Sanchez, Esquire
                    Michael B. Pullano, Esquire
                    550 East Swedesford Road, Suite 270
                    Wayne, PA 19087
                    215.977.4100 telephone
                    215.977.4101 facsimile
                    peter.sanchez@lewisbrisbois.com
                    michael.pullano@lewisbrisbois.com
                    *Attorneys for Plaintiff,*

Date: October 6, 2025          *Marathon Equipment Company*